UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN C. BRIGGS,

    Petitioner,

  v.

GARY SWARTHOUT,

    Respondent.

No. 2:12-cv-1756 AC

ORDER

Petitioner is a state prisoner who proceeds pro se on his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned. See ECF Nos. 7, 15.

Respondent moves to dismiss the petition on grounds that all claims are either unexhausted or barred by Stone v. Powell, 428 U.S. 465 (1976). ECF No. 8. Petitioner has opposed the motion, and also moves for the appointment of counsel and an evidentiary hearing. ECF No. 17. For the reasons outlined below, the court grants the motion to dismiss the petition, and denies the remaining motions as moot.

**Background**

On June 7, 2010, petitioner entered a no-contest plea to charges including one count of possession of substances with the intent to manufacture methamphetamine, and one count of possession of heroin, and received a 12 year sentence. See Appellant's Opening Brief docketed

1

Oct. 22, 2010, Lodged Document ("Lod. Doc.") 4 at 2-3; People v. Stillwell, 197 Cal. App. 4th 996, 998 (Cal. Ct. App. 2011). Before entering his plea, petitioner had joined in his co-defendant's motion to suppress, which motion was denied by the trial court on June 4, 2010. Id. At issue in the motion was evidence obtained by police after a narcotics detection dog sniffed the exterior of the truck that petitioner had been driving.

On June 15, 2010, petitioner filed a timely notice of appeal. Lod. Doc. 4 at 3.

Before the state Court of Appeal, petitioner argued that the trial court erred when it denied the motion to suppress because there was no probable cause to search petitioner's vehicle. Id. at 6. Specifically, petitioner argued that: (1) the prosecution failed to establish that the narcotics dog was reliable; (2) the dog's alert was insufficient to establish probable cause; and (3) the dog exceeded the scope of an authorized "dog sniff" when he placed his front paws on the truck and sniffed over and inside the bed of the truck. Id. at 10-20. On July 25, 2011, in a published decision, the Court of Appeal affirmed the judgment, finding that the trial court did not err in denying the motion to suppress. People v. Stillwell, 197 Cal. App. 4th 996 (Cal. Ct. App. 2011).

On August 31, 2011, petitioner filed with the state Supreme Court a petition for review of the Court of Appeal's decision. See Lod. Doc. 2. The issue presented for review in the petition was:

> When a defendant's suppression motion challenges the existence of probable cause to search the interior of his vehicle after a routine traffic stop, what must the state establish to demonstrate that a narcotics detection dog is reliable when the dogs' alert was the sole basis for probable cause that led officers to search the vehicle.

Id. at 2.

On October 26, 2011, the state Supreme Court denied the petition for review in an unexplained decision. Lod. Doc. 3.

**Current Petition**

On July 2, 2012, petitioned filed the instant federal petition in this court. ECF No. 1. Petitioner makes four claims in the federal petition: (1) the warrantless search after his traffic stop and detention, and alert by the narcotics dog, violated petitioner's Fourth Amendment rights; (2) petitioner was held longer than necessary in his traffic stop, waiting "for hours" for an officer

1 with a drug dog; (3) narcotic dog's alert was "questionable at best," because, among other things, the dog was not certified to detect drugs, and did not find what the dog is supposed to be qualified for; and (4) petitioner's counsel was ineffective because, among other things, counsel failed to obtain an expert to provide testimony regarding the reliability of the narcotics dog. ECF No. 1 at 7-9. Petitioner alleges that he was unable to present the ineffective assistance issue in state court before filing this petition, because (1) ineffective assistance claims are more appropriately raised in habeas corpus, and (2) his appellate counsel failed to present the claim. Id. at 9.

**Motion to Dismiss**

Respondent has moved to dismiss the petition, arguing that: (1) claims 1 through 3, alleging that the search was unconstitutional, are barred by Stone v. Powell, 428 U.S. 465 (1976); and (2) claim 4, alleging ineffective assistance of counsel, is not exhausted. Petitioner opposes the motion, arguing essentially that he did not receive "full and fair consideration" of his search-related claims because his appellate and trial counsels were ineffective. See ECF No. 17 at 1-4.

**Discussion**

*Fourth Amendment Claims*

Where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial. Stone v. Powell, 428 U.S. 465, 482, 493 (1976).

In this case, petitioner does not appear to dispute the rule announced in Stone. Instead, he appears to argue that his opportunity to litigate his Fourth Amendment issues was not "full and fair," because he received ineffective assistance of appellate counsel. His argument, however, is inapposite to Stone's rule: the state in this case clearly provided an opportunity for plaintiff to litigate his motion to suppress in the trial court, in the Court of Appeal, and in the state Supreme Court. See Stone, 428 U.S. at 494, n. 37. Because petitioner is accordingly barred from proceeding on Counts 1 through 3 in a federal habeas petition, Counts 1 through 3 must be dismissed.

////

*Exhaustion*

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

State courts must therefore be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273–74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518–19 (1982)); Scott v. Schriro, 567 F.3d 573, 583 (9th Cir.2009) ("All exhaustion requires is that the state courts have the opportunity to remedy an error, not that they actually took advantage of the opportunity."); King v. Ryan, 564 F.3d 1133 (9th Cir.2009) ("Habeas petitioners have long been required to adjudicate their claims in state court -- that is, 'exhaust' them -- before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir.2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir.2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir.2004) (same)

1  (quoting Picard, 404 U.S. at 276)); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir.1999). This
2  requires petitioner to have "characterized the claims he raised in state proceedings specifically as
3  federal claims." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (emphasis in original)
4  (internal citation omitted). "In short, the petitioner must have either referenced specific
5  provisions of the federal constitution or cited to federal or state cases involving the legal standard
6  for a federal constitutional violation. Mere 'general appeals to broad constitutional principles,
7  such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion."
8  Id. (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)). Thus, a claim is
9  unexhausted where the petitioner did not fairly present the factual or legal basis for the claim to
10 the state court. See Picard v. Connor, 404 U.S. at 275.

11       In this case, petitioner did not present his ineffective assistance of counsel claims to the
12 highest state court. Petitioner does not appear to dispute this; instead, he argues that he had to
13 await completion of his appeal process, as the ineffective counsel claims are appropriately raised
14 in habeas proceedings. However, petitioner fails to explain why he did not present his ineffective
15 assistance claims in a habeas petition filed with the state courts. See, e.g., In re Fields, 275 Cal.3d
16 1063, 1069 (1990) (in habeas proceeding, state Supreme Court evaluates whether counsel's
17 investigation and expert selection constituted ineffective assistance). In light of petitioner's clear
18 failure to exhaust his ineffective assistance of counsel claims in the state courts, Count Four of the
19 petition must be dismissed without prejudice.

20       Dismissal of the ineffective assistance claim in this action, even without prejudice, will
21 probably result in petitioner's being unable to raise the claims in a subsequent petition, because
22 AEDPA's one-year statute of limitations appears to have run while this federal petition has been
23 pending. See 28 U.S.C. § 2244(d)(1); Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (properly
24 filed federal petition does not toll AEDPA limitation period). Petitioner has not sought a stay of
25 his petition; however, the undersigned has nonetheless considered whether a stay is appropriate or
26 whether, in the alternative, petitioner should be given an opportunity strike his unexhausted
27 claims and proceed only on his exhausted ones. See Henderson v. Johnson, 710 F.3d 872, 873
28 (9th Cir. 2013), citing Jefferson v. Budge, 419 F.3d 1013, 1016–17 (9th Cir. 2005).

The latter course is not an option because petitioner's only exhausted claims are non-cognizable in habeas. Because the search and seizure claims must be dismissed with prejudice, amending to strike the unexhausted claims would leave nothing to adjudicate or to stay. For the same reason, a stay of the petition in its present "mixed" state would constitute an abuse of discretion. See Rhines v. Weber, 544 U.S. 269, 276-77 (2005) (federal court has limited discretion to stay petition containing unexhausted claims). Rhines stays are to be granted only in limited circumstances and for good cause. Id. at 661. To stay a mixed petition whose only exhausted claims are patently non-cognizable and subject to dismissal would "conflict with the Supreme Court's guidance in Rhines and disregard the goals of the AEDPA." Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 556 U.S. 1285 (2009).

**Remaining Motions**

Petitioner has moved for appointment of counsel, and for an evidentiary hearing. ECF No. 17. In light of the court's determination to grant respondent's motion to dismiss, petitioner's motions shall be denied as moot.

**Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 8) be granted;
2. Petitioner's motion for appointment of counsel, and for an evidentiary hearing (ECF No. 17), be denied; and

////

////

////

3. A certificate of appealability not issue in this case.

DATED: June 7, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/brig1756.fr